UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:19-cv-00306

| | |
|---|---|
| KELLY EDWIN, on behalf of herself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>JIASHENG, INC. D/B/A JIA ASIAN FUSION AND SUSHI BAR,<br><br>Defendant. | COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Kelly Edwin, ("Edwin" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, brings this collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Edwin also brings claims on behalf of herself for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., as amended.

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit seeks to recover unpaid wages, misappropriated tips, and statutory penalties for Plaintiff and any similarly situated co-workers who worked or have worked as servers at Jiasheng, Inc., d/b/a Jia Asian Fusion and Sushi Bar ("Jia") located at 3418 South New Hope Rd., Gastonia, North Carolina 28056.

2. Plaintiff brings this action on behalf of herself and all similarly situated current and former servers who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by Jia.

3. Plaintiff brings her Title VII claims against Defendant for unlawful discrimination based on her sex (female) and pregnancy.

## THE PARTIES

4. Edwin is an adult individual who is a resident of Gastonia, North Carolina.

5. Edwin was employed by Jia as a server, i.e. a tipped worker, from July 2016 to December 2017.

6. A written consent form for Edwin is being filed with this Complaint as Exhibit 1.

7. Jia is a domestic business corporation registered and in good standing in the State of North Carolina since December 2011 with its principal place of business located at 3418 South New Hope Rd., Gastonia, NC 28056.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.* and Title VII.

9. This Court has personal jurisdiction because Defendant conducts business in Gaston County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendant has substantial business contacts in this district, because the named Plaintiff resides in Gaston County, North Carolina, and because the unlawful acts alleged herein occurred in Gaston County, North Carolina.

11. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

12. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

16. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. At all times relevant to this action, Plaintiff was an "employee" covered by the protections of Title VII of the Civil Rights Act of 1964 within the meaning of 42 U.S.C. § 2000e(f).

18. Jia is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

19. Defendants employed at least fifteen (15) employees at all relevant times.

20. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant with the EEOC on November 17, 2017 alleging discrimination based on sex and pregnancy.

21. The United States Equal Employment Opportunity Commission ("EEOC") issued a letter of determination finding reasonable cause to determine that Defendant reduced Plaintiff's work hours in whole or in part because of Plaintiff's pregnancy, among other findings.

22. On May 30, 2019, the EEOC issued a Notice of Suit Rights; Plaintiff timely brings this action within ninety (90) days of her receipt thereof.

## PLAINTIFF'S FACTUAL ALLEGATIONS

23. Throughout the duration of her employment at Jia, Plaintiff received biweekly paychecks from Defendant that did not properly record or compensate her for all the hours that she worked.

24. Defendant required Plaintiff to perform work off-the-clock without compensation. Specifically, Defendant maintained a policy and/or practice of requiring Plaintiff to clock out every shift, but then continue perform job duties including, but not limited to, calculating the tips she received for the day, calculating "tipout" (a portion of the tips she received that Defendant required her to share with other employees), reviewing the calculations with her manager, and waiting for a manager to inspect and approve her side work. Plaintiff estimates that she and other servers spent 20-30 minutes each shift performing off-the-clock work.

25. In addition to the off-the-clock work described above, approximately 1-2 times a month Defendant required Plaintiff and other servers to perform additional job duties including, but not limited to, sweeping, mopping, and filling condiments. These additional duties lasted approximately 10-20 minutes per occurrence and Defendant did not compensate Plaintiff or other servers for the time worked.

26. Defendant required Plaintiff and other servers to pay, from their tips, for the loss of food sales incurred as a result of server error or walkouts. Specifically, if a server error resulted

4

in a food item being prepared by the kitchen that a customer did not order, if a server dropped a menu item, or if a customer walked out without paying for a meal, Defendant required the sale price of that item to be paid from the cash tips that particular server had on hand at the time of the error. In the event that the server had no cash tips on hand at the time of the error, Defendant deducted the sale price of the item from tips earned by Plaintiff and other servers on credit card sales.

27. Defendant required Plaintiff and other servers to pay, from their tips, for breakage of glassware, dishes, and decanters. Specifically, if a server error resulted in breakage, Defendants required that item to be paid from the cash tips that the particular server had on hand at the time of breakage.

28. Defendant has enforced the walkout and breakage rules described above and deducted earned tip income from Plaintiff and other servers to reimburse Defendant for violations of these policies.

29. Defendant did not record or track the amount of time Plaintiff and other servers spent working off-the-clock.

30. Defendant willfully failed to comply with the terms of the minimum wage requirements of the FLSA regarding payment for off-the-clock work and compliance with the tip credit provisions.

31. In or about late June 2017, Plaintiff informed Suszanna Tamtomo ("Tamtomo") and Enita Bridges ("Bridges"), Plaintiff's supervisors, that she was pregnant. Shortly thereafter, Defendant began scheduling Plaintiff to work less hours. Tamtomo began pressuring Plaintiff to take time off because of her pregnancy and regularly questioned Plaintiff about how she could continue to wait tables while pregnant.

32. On or about August 2017, Plaintiff sent a text message to Tamtomo complaining about the recent reduction in hours. Shortly thereafter, Plaintiff was denied the opportunity to work additional shifts, something she did regularly before her pregnancy.

33. Plaintiff sent a text message to Tamtomo asking why Tamtomo reduced her work hours. Tamtomo responded via text message to Plaintiff that she was "getting big", that "serving is hard work and being pregnant I know that you have your limitation especially that big."

34. Defendant's reduction of Plaintiff's work hours was based on discriminatory motives - because of Plaintiff's sex (female) and her pregnancy.

35. Defendant's actions were willful.

36. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff incorporates by reference herein paragraphs 1-36 of this Complaint.

38. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs.

39. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims on behalf of herself and similarly situated employees who have worked as servers at Jia in Gastonia who elect to opt-in to this action ("Opt-in Plaintiffs").

40. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of Defendant who were employed at Jia in Gastonia, North Carolina at anytime during the three-year period preceding the filing of the Complaint in this action.

41. Consistent with Defendant's policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid minimum wages for all hours worked.

6

Case 3:19-cv-00306-MOC-DSC   Document 1   Filed 07/01/19   Page 6 of 10

42. All of the work that Plaintiff and Opt-in Plaintiffs have performed was assigned by Defendant, and/or Defendant was aware of all of the work that Plaintiff and Opt-in Plaintiffs performed.

43. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to:

    (a) willfully failing to pay its servers, including Plaintiff and Opt-in Plaintiffs, minimum wages for all hours worked;

    (b) willfully failing to pay and record all the time that its servers, including Plaintiff and Opt-in Plaintiffs, have worked for the benefit of Defendant; and

    (c) willfully requiring servers, including Plaintiff and Opt-in Plaintiffs, to pay Defendant for breakage and food errors by deducting from their earned tips.

44. Plaintiff and Opt-in Plaintiffs perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

45. Defendant's policy and practice of requiring "off-the-clock" work, described above in Paragraphs 24 and 25, was applicable to and affected all.

46. Defendant's unlawful conduct has been widespread, repeated, and consistent.

47. There are many similarly situated current and former servers who have been denied minimum wage who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to these servers pursuant to 29 U.S.C. § 216(b).

48. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

49. Plaintiff Kelly Edwin requests that she be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## COUNT I

**(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)**

50. Plaintiff incorporates by reference paragraphs 1-49 of this Complaint.

51. Count I arises from Defendant's violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiff and similarly situated servers.

52. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated servers for all time worked by requiring them to work off-the-clock without pay.

53. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated servers.

54. Defendant violated the FLSA by deducting from Plaintiff's and similarly situated servers' tips for server error, walkouts, and breakage.

55. Defendant's violation of the FLSA was willful.

## COUNT II

**(Violation of Title VII – Discrimination based on Sex and Pregnancy)**

56. Plaintiff incorporates by reference paragraphs 1-55 of this Complaint.

57. Defendant's actions as described in detail in the factual allegations above subjected Plaintiff to unlawful discrimination on the basis of her sex, female, as well as discrimination based

on pregnancy in violation of Title VII. Defendants' actions were intentional, willful, and/or undertaken in reckless disregard of Plaintiff's rights as protected by Title VII.

58. Defendant's reduction of Plaintiff's work hours and other adverse employment action described above was because of her sex (female) and pregnancy.

59. Plaintiff suffered damages as a result of Defendant's unlawful actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

a) Order the Defendant to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all who have worked for Defendant as servers within the last three years;

b) Authorize Plaintiff's counsel to issue notice at the earliest possible time to all servers or any other similarly titled position who have worked for tips for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who join in the suit);

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

g) Order Defendant to pay to Plaintiff compensatory damages;

h) Order Defendant to pay to Plaintiff punitive damages;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## **JURY TRIAL DEMAND**

The named Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Jason S. Chestnut
Jason S. Chestnut, NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:    (704) 612-0038

E-Mail:  jason@gibbonsleis.com
         phil@gibbonsleis.com
         craig@gibbonsleis.com