UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-306-MOC-DSC

| | |
|---|---|
| **KELLY EDWIN,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )   ORDER<br>) |
| **JIASHENG, INC., D/B/A**<br>**JIN ASIAN FUSION AND SUSHI BAR,** | )<br>)<br>)<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff Kelly Edwin's Motion to Conditionally Certify a Collective Action and Facilitate Notice, filed under 29 U.S.C. § 216(b). (Doc. No. 8). Edwin seeks conditional certification of her Fair Labor Standard Act ("FLSA") claims and authorization to send Court-supervised notice of this action pursuant to Section 216(b). Defendant opposes the motion. This Court held a hearing on the motion on January 16, 2020. For the following reason, the Court grants Plaintiff's motion.

I.   **Introduction**

Defendant Jiasheng, Inc., doing business as Jia Asian Fusion and Sushi Bar, owns and operates a restaurant in Gastonia, North Carolina. Plaintiff Kelly Edwin worked at Defendant's restaurant as a server from around July 2016 until December 2017, when she resigned. (Doc. No. 9-1 at ¶ 4: Edwin Decl.). Plaintiff seeks to recover unpaid minimum wages for herself and other similarly situated employees—servers and bartenders—who received tips as part of their

-1-

compensation ("Tipped Employees").  Plaintiff alleges that Defendant required her and others in the proposed collective action to work off the clock without pay and unlawfully deducted tips from Plaintiff's and other similarly situated Tipped Employees for server error, walkouts, and breakage.  (Doc. No. 1 at ¶¶ 26-27).

Plaintiff alleges that Defendant's deductions from Tipped Employees' tips invalidates its ability to use the tip credit under the FLSA (paying its employees a sub minimum wage hourly rate rather than the federal minimum wage) and results in minimum wage violations and underpayment for all hours worked by Tipped Employees.  Plaintiff proposes to define the class as: All current and former Tipped Employees of Defendant who were employed at Jia in Gastonia, North Carolina at any time during the three-year period preceding the filing of the Complaint in this action.  (Id. at ¶ 28).  Plaintiff argues that the proposed class members share the following similarities: (1) all worked as Tipped Employees at Defendant's restaurant in Gastonia, North Carolina; (2) all were paid the sub-minimum wage permitted by law under the FLSA tip credit; (3) all were subject to a policy that held employees responsible for the breakage of any Defendant's property, including plates, glassware, etc., and required the employee to pay the cost to replace the property; (4) all were subject to deductions from their tips for the loss of food sales incurred as a result of server error or a customer walking out without paying for a meal; and (5) all were subject generally to the same wage and hour policies, including being required to perform work off-the-clock without compensation.

Defendant opposes the motion, arguing that conditional certification is improper for two reasons: (1) the declarations of six servers currently working at Defendant's restaurant and payroll records submitted in support of Defendant's opposing brief conflict with Plaintiff's

allegations, and (2) the purported class of Tipped Employees "does not exist" because Defendant does not uniformly enforce the breakage, server error, and off-the-clock work policies. (Doc. No. 10 at 1-2).

**II.     Legal Standard**

The FLSA provides that a plaintiff "may maintain a collective action against [her] employer for violations under the act pursuant to 29 U.S.C. § 216(b)." Quinteros v. Sparkle Cleaning, Inc., 532 F. Supp. 2d 762, 771 (D. Md. 2008). In particular, Section 216 provides:

> [a]n action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to authorize notice to other potential class members of their rights to "opt-in" to a plaintiff's case and form a collective action. Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). These early notices, authorized by the court, are helpful to protect against misleading communications by the parties, resolve disputes regarding the content of any notice, prevent the proliferation of multiple individual lawsuits, assure that the joinder of additional parties is accomplished properly and efficiently, and expedite resolution of the dispute. Id. at 170-72.

In deciding whether an FLSA action may proceed as a collective action, courts in the Fourth Circuit have adopted a two-step inquiry. Adams v. Citicorp Credit Servs., 93 F. Supp. 3d 441, 452-53 (M.D.N.C. 2015). At the initial "notice stage," the Court determines whether Plaintiff and potential opt-in plaintiffs are "similarly situated" to merit sending notice of the

action to possible members of the class. If they are, additional plaintiffs are permitted to "opt-in" to the lawsuit. Id. (quoting Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010)). At the notice stage,

> [p]laintiffs generally need only make a relatively modest factual showing that a common policy, scheme, or plan [that violated the law] exists. To meet this burden and to demonstrate that potential class members are similarly situated, [p]laintiffs must set forth more than vague allegations with meager factual support regarding a common policy to violate the FLSA. Their evidence need not, however, enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime.

Adams, 93 F. Supp. 3d at 453 (quoting Mitchel v. Crosby Corp., 2012 WL 4005535, at **2-3 (D. Md. Sept. 10, 2012)). At this stage of the proceedings, the Court does not resolve factual disputes, make credibility determinations, or decide substantive issues on the merits. Id. at 454. In other words, the standard for conditional certification at the notice stage is a lenient one. Id. at 452-53. The second step of the two-step process usually occurs after discovery has largely been completed and allows a court the opportunity to make a final determination "of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." Id. (quoting Acevedo, 600 F.3d at 519).

### III. Discussion

Here, the Court finds that Plaintiff has met the lenient standard of demonstrating that Plaintiff and opt-in plaintiffs are similarly situated. Therefore, the Court will grant Plaintiff's motion at this early stage in the proceedings and order that notice be sent to the class.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice, (Doc. No. 8), is **GRANTED**;

(2) The Notice and Consent Form submitted by Plaintiff is **APPROVED**;

(3) Within fourteen days of entry of this Order, Defendant shall provide Plaintiff's counsel (in computer-readable electronic format) the names, addresses, e-mail addresses, telephone number, dates of employment, birth dates, and last four digits of the social security number of all persons who are, have been, or will be employed by Defendant as Tipped Employees at Defendant's restaurant from July 1, 2016, to the present;

(4) Plaintiff may send the Notice by first class mail and e-mail to all potential members of the collective action informing them of their right to opt-in;

(5) Defendant shall post the notice at Defendant's restaurant where potential members of the collective action are likely to view it;

(6) The opt-in period shall commence seven days after Defendant produces the requested information pertaining to potential Plaintiffs.

Signed: February 11, 2020

Max O. Cogburn Jr.
United States District Judge